IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PCH LAB SERVICES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-7971 |
| NEWMAN MEMORIAL HOSPITAL, INC. and SHATTUCK HOSPITAL AUTHORITY, | ) ) ) ) ) |
| Defendants. | ) ) |

**PETITION TO COMPEL ARBITRATION PURSUANT
TO SECTION 4 OF THE FEDERAL ARBITRATION ACT**

Petitioner PCH Lab Services, LLC ("PCH Lab"), by and through its attorneys, Daniel C. Curth and Sean P. Williams, of the law firm of Goldstein & McClintock LLLP, brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (the "Petition"), to compel the arbitration of the claims asserted against it by Newman Memorial Hospital, Inc. ("NMH") and Shattuck Hospital Authority (the "Authority" and, together with "NMH," the "Defendants") arising out of and related to the parties' actions governed by a confidential Laboratory Management Agreement (the "Agreement"), which Agreement contains a mandatory arbitration provision. For its Petition, PCH Lab alleges:

**INTRODUCTION**

1. Although both Defendants are signatories to the Agreement, which contains a dispute resolution provision requiring mediation, then arbitration, they ignored their contractual obligations and, instead, filed suit against PCH Lab, and other entities, in Ellis County, Oklahoma (the "Lawsuit"). In addition to containing a mandatory dispute resolution provision that Defendants ignored, the Agreement also contains a confidentiality provision, which requires

the parties to keep the terms and conditions of the Agreement confidential. In further breach of their obligations, Defendants' Lawsuit disclosed confidential terms and conditions of the Agreement and made them part of the public record.

## THE PARTIES

2.  PCH Lab is an Illinois Limited Liability Company with its principal place of business in Oak Brook, Illinois. PCH Lab's sole member and manager is PCH Healthcare Holdings, LLC, a Delaware Limited Liability Company, whose principal place of business is in Oak Brook, Illinois and whose sole member and manager is Dr. Seth Guterman ("Guterman"). Guterman resides in Chicago, Illinois.

3.  NMH is a non-profit corporation existing under Oklahoma law.

4.  The Authority is a public trust existing under Oklahoma law.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as Defendants' Lawsuit asserts that they "have been damaged in excess of $75,000." *See* Lawsuit, attached as Exhibit A, at ¶¶ 81, 89.

6.  Venue is proper in this Court pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, because the Agreement contains a forum selection clause providing for arbitration to take place in Chicago, Illinois. Additionally, the Agreement contains a choice of law provision providing that it shall be governed and construed in accordance with the laws of the State of Illinois.

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as PCH Lab and PCH Healthcare Holdings have their principal places of business in Oak Brook, Illinois and because Guterman resides in Chicago, Illinois.

## FACTUAL ALLEGATIONS

8. On or about May 19, 2016, NMH entered into the Agreement with PCH Lab. NMH's then-CEO, Terry Amstutz, signed the Agreement on behalf of NMH.

9. The Agreement contains a "Confidentiality" provision which states, in pertinent part, that:

> PCH and the Hospital agree that the terms and conditions of this Agreement shall remain confidential, and neither party shall disclose any part of this Agreement except as required by law . . .

*See* § 8.6 of the Agreement, excerpts of which are attached as Exhibit B.

10. On or about August 1, 2016, NMH and the Authority entered into the First Amendment to Laboratory Management Agreement (the "First Amendment") with PCH Lab. The First Amendment was signed by Greg Huenergardt on behalf of NMH as its Chairman of the Board, and by Clarence Rogers on behalf of the Authority as its President. A redacted copy of the First Amendment is attached as Exhibit C.

11. The First Amendment provides, among other things, that "[t]he Authority hereby agrees and acknowledges that it has been, and continues to be, bound by . . ." the Agreement and that "[a]ll other terms and conditions of [the Agreement] shall remain in full force and effect." *See* Exhibit C.

12. The Agreement contains a "Dispute Resolution" provision which states, in pertinent part, that:

> 8.9.1 Mediation. If any dispute arises between the parties involving this Agreement (a "*Dispute*"), the parties shall make a good faith attempt to settle the Dispute by mediation in Chicago, Illinois, in accordance with the

> rules for mediation of the American Health Lawyers Association Alternative Dispute Resolution Service. If the Dispute cannot be settled by mediation . . . the Dispute shall then be resolved by arbitration . . .
>
> 8.9.2 <u>Arbitration</u>. If the Dispute has not been resolved by mediation, then except as otherwise provided in this section, the Dispute shall be determined by arbitration in Chicago, Illinois, in accordance with the Rules for Arbitration of the American Health Lawyers Association Alternative Dispute Resolution Service. . . . Any issue concerning whether or the extent to which the Dispute is subject to the arbitration and other dispute resolution provisions of this Agreement, including issues relating to the validity or enforceability of these arbitration provisions, shall be decided by the arbitrators. Arbitration shall be undertaken pursuant to the Federal Arbitration Act.

*See* § 8.9 of the Agreement, excerpts of which are attached as <u>Exhibit B</u>. Section 8.10 of the Agreement contains a choice of law provision, which provides that the Agreement "shall be governed and construed in accordance with the laws of the State of Illinois." *See* § 8.10 of the Agreement, excerpts of which are attached as <u>Exhibit B</u>.

13. The claims asserted by NMH and the Authority against PCH Lab in the Lawsuit are claims that are subject to the Dispute Resolution provisions of the Agreement. Specifically, the Lawsuit alleges that the Agreement was entered into "for the purpose of growing the overall revenue of the Hospital with the addition of a reference laboratory ("Lab Program") and to provide management services for the Lab Program . . ." (Lawsuit, ¶ 32) The Lawsuit[1] then asserts claims against PCH Lab arising out of the Agreement and the Lab Program sounding in Fraud (Count III), Conspiracy (Count IV), Tortious Interference With Existing Contracts (Count V), Declaratory Judgment (Counts VII and XIII), Accounting (Count XV) and Fraudulent Transfers (Count XVI).

---

[1] A copy of the Lawsuit, without its exhibits, is attached as Exhibit B.

## COUNT I
### (Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

14. PCH Lab repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 13 as and for its allegations of this Paragraph 14.

15. The Agreement and the First Amendment are valid and enforceable contracts.

16. NMH and the Authority agreed to the terms of the Agreement and the First Amendment, including the Dispute Resolution provision.

17. All of the claims brought by NMH and the Authority in their Lawsuit fall within the scope of the Dispute Resolution provision, which requires that any and all claims arising out of or relating to the Agreement be decided by arbitration in Chicago, Illinois in accordance with the Rules for Arbitration of the American Health Lawyers Association Alternative Dispute Resolution Service pursuant to the Federal Arbitration Act. *See* Exhibit B, § 8.9.2.

18. Defendants filed their Lawsuit in violation of Dispute Resolution provision, including the arbitration provision, of the Agreement.

19. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has the authority to compel NMH and the Authority to arbitrate all claims brought against PCH Lab in the Lawsuit.

### PRAYER FOR RELIEF

**WHEREFORE**, PCH Lab demands judgment as follows:

1. That the Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration of all claims asserted against PCH Lab in the Lawsuit before a single arbitrator in Chicago, Illinois in accordance with the Rules for Arbitration of the American Health Lawyers Association Alternative Dispute Resolution Service, as well as any other claims

that could be brought against PCH Lab that arise out of or relate to the Agreement or the Lab Program.

  2. That the Court order NMH and the Authority to consent to the stay of the judicial proceedings they initiated against PCH Lab in Ellis County, Oklahoma by the filing of the Lawsuit.

  3. That the Court grant any other relief in favor of PCH Lab that it deems just and proper.

       Respectfully submitted,


        /s/ Daniel C. Curth
       **Goldstein & McClintock LLLP (Daniel C. Curth)**
       *Attorney for* **PCH Lab Services, LLC**

Daniel C. Curth (6229090)
Goldstein & McClintock, LLLP
111 W. Washington Street, Suite 1221
Chicago, IL 60602
312.337.7700