4 - Hearing Transcript.txt

"Lisa Smith, CSR --- Certified Shorthand Reporter"     1

```
 1                IN THE DISTRICT COURT OF ELLIS COUNTY

 2                          STATE OF OKLAHOMA

 3   SHATTUCK HOSPITAL AUTHORITY,  )
     an Oklahoma Public Trust      )
 4   and NEWMAN MEMORIAL           )
     HOSPITAL, INC., an            )
 5   Oklahoma Non-Profit           )
     Corporation,                  )
 6           Plaintiffs,           )
                                   )
 7   V.                            )   Case No. CJ-2017-14
                                   )
 8   PCH MANAGEMENT NEWMAN, LLC,   )
     an Oklahoma Limited           )
 9   Liability Company, et al.     )
             Defendants.           )
10
     ------------------------------------------------------------
11                            MOTIONS HEARING

12           Held Before the Honorable Doug Haught
                           District Judge
13
                         October 17th, 2017
14
     ------------------------------------------------------------
15                      A P P E A R A N C E S

16   FOR THE PLAINTIFFS:

17                             MR. J. CLAY CHRISTENSEN
                               MR. BROCK Z. PITTMAN
18                             Christensen Law Group, PLLC
                               3401 Northwest 63rd Street
19                             Suite 600
                               Oklahoma City, Oklahoma  73116
20
     FOR THE DEFENDANT PCH MANAGEMENT NEWMAN LLC AND PCH LAB
21   SERVICES, LLC:

22                             MR. JIM D. DOWELL
                               Jim D. Dowell, PC
23                             2315 Downs Avenue, Suite 220
                               Woodward, Oklahoma  73801
24

25
```

"Official Transcript --- State of Oklahoma"

"Lisa Smith, CSR --- Certified Shorthand Reporter"     2

**EXHIBIT 4**

4 - Hearing Transcript.txt

1  FOR THE DEFENDANTS SUN ANCILLARY MANAGEMENT, LLC, MISSION
   TOXICOLOGY, LLC AND INTEGRITY ANCILLARY MANAGEMENT, LLC:
2

3                                        MR. J. CHRIS HORTON
                                         Pain and Garland
4                                        111 Southwest 2nd Street
                                         P.O. Box 158
5                                        Anadarko, Oklahoma  73005

6  FOR THE DEFENDANT AND THIRD-PARTY PLAINTIFF SNB BANK, NA:

7
                                         MR. KALEB K. HENNIGH
8                                        Ewbank, Hennigh & McVay
                                         P.O. Box 6207
9                                        Enid, Oklahoma 73702-6207

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


        "Official Transcript --- State of Oklahoma"

        "Lisa Smith, CSR --- Certified Shorthand Reporter"        3



1            BE IT REMEMBERED that on the 17th day of October,

4 - Hearing Transcript.txt
2  let me find the signature pages, Judge.  The May 16
3  laboratory management agreement was signed by the Newman
4  Memorial Hospital CEO, Terry Amstux (phonetic), I believe.
5  I don't know how to pronounce the last name.  That's
6  signed by the hospital.  Then it's subsequently signed by
7  the authority president -- board president, Clarence
8  Rogers.  That's the amendment to that agreement that
9  incorporates the original agreement as signed by the
10 authority.
11          So no, Judge.  Those were signed by the hospital
12 and by the authority.  It's not -- I mean, they -- they
13 can't come in and say that we made them do it.  And even
14 if they did, again, that would be an issue for the
15 arbitrator.
16          THE COURT:  So you're saying that Shattuck
17 Hospital Authority and Newman Memorial Hospital both
18 agreed to the contract that mandated arbitration?
19          MR. DOWELL:  Arbitration.  That's correct, your
20 Honor.  And the signature page is attached to a brief.
21 And if the Court needs it, I have -- obviously we've
22 redacted most of the contract because it's confidential.
23 I have the entire contract.  I can provide it for you.
24          THE COURT:  And then Plaintiff contends that at
25 least two of these agreements did not have an arbitration

     "Official Transcript --- State of Oklahoma"
     "Lisa Smith, CSR --- Certified Shorthand Reporter"         51


1  agreement?
2          MR. CHRISTENSEN:  There's a myriad of different
3  contracts.  We don't disagree that a couple of the initial

4 - Hearing Transcript.txt

| | |
|---|---|
| 4 | contracts with PCH were signed by local people.  What we |
| 5 | get into, Judge -- and this is where I almost think it may |
| 6 | be beneficial to the Court if we had a subsequent round of |
| 7 | briefing.  That the issue boils down to this:  Oklahoma |
| 8 | law under the Oklahoma Arbitration Act, which they've |
| 9 | argued that, in addition to the Federal Arbitration Act, |
| 10 | treat the formation of the contract and validity of the |
| 11 | contract as the same thing.  Okay?  When you get into the |
| 12 | Federal Arbitration Act, it treats formation kind of like |
| 13 | Judge Gorsuch said in his opinion that I quoted to the |
| 14 | Court, you know, you're looking at the formation of the |
| 15 | contract.  It just -- and that requires an evidentiary |
| 16 | hearing to get into the formation.  And you're looking at |
| 17 | state law principles on the formation of the contract. |
| 18 | Well, state law principles on the formation of the |
| 19 | contract in Oklahoma includes whether the contract is |
| 20 | legal or illegal in purpose.  And that goes back to Title |
| 21 | 15 and the statutes I cited in Title 15. |
| 22 | You know, the -- they want -- the Defendants |
| 23 | want to make an argument that you can't do validity under |
| 24 | the Federal Act, but they don't address formation. |
| 25 | Formation is what Judge Gorsuch said.  That's what the |

"Official Transcript --- State of Oklahoma"
"Lisa Smith, CSR --- Certified Shorthand Reporter"           52

| | |
|---|---|
| 1 | Supreme Court case that we cited says.  But hold up a |
| 2 | minute.  Whether it's Oklahoma law or federal law, it |
| 3 | requires an evidentiary hearing.  You know, we put on |
| 4 | proof on what people did at the time and we put on the |
| 5 | contracts.  This gets pretty confusing because there were |

4 - Hearing Transcript.txt

6  contracts that were signed subsequently that involved this
7  David Wanger guy who has a PCH e-mail address. He will
8  say he wasn't employed by PCH but he's connected to PCH
9  and he lives in Phoenix, Arizona. He wasn't a local
10 Shattuck person. And they put him in place when they did
11 the contract and he signed some of the contracts. But the
12 initial two, I don't disagree were signed over here, you
13 know, by local people.
14         That's where illegality matters. We allege that
15 the contracts were illegal, you know, in their purpose.
16 And if they're illegal, they're void under Oklahoma law
17 which voids the whole contract. They want to try to
18 distinguish oh, was there a fraud and inducement on one
19 section or another? We're saying there's fraud and
20 inducement on the entire contract, which includes the
21 arbitration clause, and that's the evidence we're putting
22 on. And frankly, that's the reason to put people on the
23 stand.
24         THE COURT: Well, this is what I'm gonna do now.
25 What the law, and I'm reading from the Oklahoma

   "Official Transcript --- State of Oklahoma"
   "Lisa Smith, CSR --- Certified Shorthand Reporter"        53


1  Arbitration Act, it says the Court shall proceed summarily
2  to decide the issue and order the parties to arbitrate
3  unless it finds that there is no enforceable agreement to
4  arbitrate. Whatever I do today, Title 12, Section 1879(7)
5  says that either party can appeal.
6         I guess so what -- the hospital alleges gross
7  and outrageous fraud. Okay? And that the contract was to

4 - Hearing Transcript.txt

8   enable the Defendants to engage in fraud.  Plaintiff
9   requests a hearing to show this.  At this time, I'm not
10  convinced that there is an enforceable agreement to
11  arbitrate.  And I think as Plaintiff is entitled to prove
12  the allegations of fraud in the inducement, after
13  discovery, the Court may conclude that there is an
14  enforceable arbitration agreement.  And I'm mindful of
15  what Title 12, Section 1879 provides.
16          But based on what I know at this point in time,
17  I'm gonna overrule the motion to arbitrate and order the
18  discovery and grant Plaintiffs' request for this hearing
19  that they feel they're entitled to.  Okay?
20          MR. DOWELL:  Judge, there's another motion at
21  issue.
22          THE COURT:  Well, I see the motion --
23          MR. DOWELL:  Motion for particulars.
24          THE COURT:  Yeah.
25          MR. DOWELL:  How would you -- would the Court


     "Official Transcript --- State of Oklahoma"
     "Lisa Smith, CSR --- Certified Shorthand Reporter"       54


1   like to defer that until after we determine the
2   arbitration issue?
3           THE COURT:  Well, I'm not granting it.  The
4   motion challenging venue or the motion -- are we talking
5   about the motion for disclosure of protected health
6   information?
7           MR. DOWELL:  No, your Honor.  I'm talking about
8   a motion for particulars filed by PCH Management.
9           THE COURT:  Got it.  The particulars on fraud.