```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

PCH LAB SERVICES, LLC,

        Plaintiff,

    v.

NEWMAN MEMORIAL HOSPITAL INC., and SHATTUCK HOSPITAL AUTHORITY,

        Defendants.

Case No. 17 C 7971

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff PCH Lab Services, LLC ("PCH") petitions this Court to compel arbitration of the claims brought against it by Newman Memorial Hospital, Inc. and Shattuck Hospital Authority (together, "the Hospital"). In response, the Hospital moves to dismiss PCH's petition and this case for lack of subject matter jurisdiction or, in the alternative, because the *Colorado River* abstention doctrine demands it. The Court finds that it has subject matter jurisdiction to entertain this case but grants the Hospital's Motion to Dismiss on abstention grounds.

### I. BACKGROUND

In May 2016, Newman Memorial Hospital entered into an agreement with PCH whereby PCH would manage the financially distressed Hospital and help it walk back from the brink of

financial collapse. (Ex. 1 to PCH's Petition, Okla. Ct. Second Amended Petition ¶ 16-21, ECF 1-1.) But with its newfound authority to enter into agreements on the Hospital's behalf, PCH allegedly undertook a fraudulent scheme that violated local laws and regulations and ultimately worsened, rather than improved, the Hospital's financial health. The Hospital sued PCH in Oklahoma state court in June 2017, alleging sixteen causes of action including fraud and numerous contract claims. (Hospital's Response at 1, ECF No. 11; *see generally,* Second Am. Pet.) PCH took issue, claiming that its agreement with the Hospital contained an arbitration provision. On September 19, 2017, PCH petitioned the Oklahoma court to compel arbitration. (Hospital's Resp. at 1; ECF No. 11-2.) The Oklahoma court heard oral argument on the motion and, finding a material dispute as to the formation of the agreement, set the arbitration issue for trial on March 15, 2018. Notwithstanding those Oklahoma proceedings, PCH filed a second petition to compel arbitration on November 3, 2017—this time with this Court. (ECF No. 1.)

## II. **DISCUSSION**

PCH petitions the Court to compel arbitration. For its part, the Hospital moves to dismiss PCH's petition on two grounds: lack of subject matter—specifically, diversity—jurisdiction and abstention under the *Colorado River* doctrine.

The Hospital fails on the first argument but succeeds on the latter. The Court accordingly dismisses PCH's Motion and terminates this case.

### A. Diversity Jurisdiction

The Oklahoma dispute—but not the instant case—includes defendant/Oklahoma entity SNB Bank, N.A. ("SNB"), which holds a first lien (secured by a promissory note) on the Hospital's assets. The Hospital, itself an Oklahoma entity, maintains that even though SNB is not a party to the case at bar, the Court must include SNB in its diversity analysis and thereby conclude that there is no diversity jurisdiction in this case. The Hospital advances two independent rationales for this argument: First, *Vaden v. Discover Bank,* 556 U.S. 49 (2009), directs courts contemplating arbitration petitions to "look through" to the underlying controversy to determine whether subject matter jurisdiction exists. The Hospital says that once the Court "looks through" to the underlying controversy (which includes the non-diverse SNB), the lack of diversity the Court finds there will dispel this Court's jurisdiction. Alternatively, the Hospital argues that the Court should find that SNB Bank is necessary and indispensable under Federal Rule of Civil Procedure 19, but the required inclusion of SNB here would

destroy diversity and thus jurisdiction.  The Court ultimately finds neither argument to be persuasive.

### 1. Whether Vaden Applies to the Diversity Jurisdiction Analysis

The Hospital believes the Court should apply the *Vaden* "look through" procedure to determine the diversity of the parties here.  *See, Vaden v. Discover Bank,* 556 U.S. 49, 53 (2009).  But *Vaden* is not obviously as broad as the Hospital maintains.  The explicit ruling in *Vaden* dealt only with *federal question* jurisdiction.  556 U.S. at 49 (holding that a federal court may "look through" a § 4 petition and "examine the parties' underlying dispute to determine whether federal-question jurisdiction exists" over the petition).  It is not clear that *Vaden* should be read as extending the "look through" procedure to the diversity jurisdiction analysis as well, and the Seventh Circuit has not yet taken up this question.  *But see, We Care Hair Dev., Inc. v. Engen,* 180 F.3d 838, 842 (7th Cir. 1999) (rejecting, in a pre-*Vaden* case, the argument that presence of non-diverse parties in the underlying action destroyed diversity jurisdiction).

The Eighth Circuit, however, *has* taken up this question and concluded that *Vaden* should be read narrowly.  *Northport Health Servs. of Ark., LLC v. Rutherford,* 605 F.3d 483, 491 (8th Cir.

2010) (holding diversity of citizenship is determined not by the parties in the underlying controversy but rather by the parties named in the district court plus any Rule 19 indispensable parties who must be joined). *Rutherford* relies in large part on the earlier case of *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 3 (1983), *superseded by statute on other grounds as recognized in Finnie v. H & R Block Fin. Advisors, Inc.,* 307 F. App'x 19, 21 (8th Cir. 2009), to bolster its conclusion. In *Cone,* the district court sat in diversity jurisdiction and stayed proceedings before it pending resolution of a concurrent state-court suit. 460 U.S. at 4. The court of appeals reversed the stay, and the Supreme Court affirmed. *Id.* But the Supreme Court opinion never discussed the basis for the threshold diversity, despite noting the presence of a non-diverse party in the parallel state court action which rendered that action non-removable. *Rutherford,* 605 F.3d at 490 (describing *Cone,* 460 U.S. at 7 & 7 n.4). All federal courts carry the obligation to raise, *sua sponte* if necessary, the lack of subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93 (1998) (noting that this obligation extends to the Supreme Court as well). The Eighth Circuit relied on that rule for the following reasoning: By ruling in *Cone,* the Supreme Court tacitly endorsed the case's

diversity jurisdiction even though the parallel, state court action included a non-diverse party. Accordingly, the *Cone* Court must not have believed that "looking through" the petition was appropriate for the purposes of determining diversity. Under this view of *Cone*, reading *Vaden* expansively requires finding that it "implicitly overruled *Cone*'s jurisdictional underpinnings." *Rutherford,* 605 F.3d at 490. This the Eighth Circuit refused to do. *Id.* (citing *Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 18 (2000)) (remarking that the Supreme Court "does not normally overturn, or so dramatically limit, earlier authority *sub silentio*"); *but cf. Magruder v. Fid. Brokerage Servs. LLC,* 818 F.3d 285, 289 (7th Cir. 2016) (citing *Steel Co.,* 523 U.S. at 91) (reiterating that drive-by jurisdictional rulings have no precedential effect). District courts that have taken up this question have also read *Vaden* narrowly. *See, e.g., Garner v. BankPlus,* 484 B.R. 134, 140 (S.D. Miss. 2012); *THI of New Mexico at Hobbs Center, LLC v. Spradlin,* 893 F. Supp. 2d 1172 (D.N.M. 2012); *Minn. Life Ins. Co. v. Mungo,* No. 0:11-681, 2011 WL 2518768, at *1-2 (D.S.C. June 23, 2011); *L.A. Fitness Intern. LLC v. Harding,* No. 09-5537, 2009 WL 3676272, at *2-3 (W.D. Wash. Nov. 2, 2009); *Credit Acceptance Corp. v. Davisson,* 644 F. Supp. 2d 948, 953 (N.D. Ohio 2009).

This Court agrees with the Eighth Circuit that *Vaden* limited its holding to federal question jurisdiction and should not be read to have overruled implicitly the pre-*Vaden* § 4 diversity cases from other circuit courts. *See, e.g., Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1106 (9th Cir. 2002) (refusing to consider for diversity purposes the non-diverse defendant present only in the state court action); *We Care Hair Dev., Inc. v. Engen,* 180 F.3d 838, 842 (7th Cir. 1999) (rejecting appellants' argument that presence of non-diverse parties in the underlying action destroyed diversity jurisdiction); *Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir. 1995) (rejecting same). *Rutherford* also emphasized the Supreme Court's rule that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [lower courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rutherford,* 605 F.3d at 491 (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.,* 490 U.S. 477, 484 (1989)); *see, Agostini v. Felton,* 521 U.S. 203, 237 (1997) (stating same). This Court takes that rule to heart. In a pre-*Vaden* ruling, the Seventh Circuit rejected the argument advanced now by the Hospital, *see, We Care Hair,* 180 F.3d at 842, and *Vaden* did no violence to that

holding. The Court will not hopscotch controlling Seventh Circuit precedent to fashion a new rule out of the *Vaden* decision where the Supreme Court did not deign to do so. The Hospital's *Vaden* argument fails.

### *2. Whether SNB Bank Is a Necessary and Indispensable Party*

The Hospital argues in the alternative that SNB Bank is a necessary and indispensable party under Rule 19, and its inclusion destroys the Court's jurisdiction. In ruling on a motion to dismiss for failure to join a necessary and indispensable party, the court must accept the allegations of the complaint as true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001) (citation omitted). The moving party has the burden of showing that the absent party is both "necessary" under Rule 19(a) and "indispensable" under Rule 19(b). *See, Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, at *3 (N.D. Ill. Dec. 18, 2002).

The Rule 19(a)(1) prong is concerned with whether the Court can accord "complete relief" among the parties before the Court. FED. R. CIV. P. 19(a)(1); *United States v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996) (citations omitted). Here, it is not clear from the filings why SNB's presence is at all necessary. SNB Bank holds a first lien on all of the Hospital's equipment, inventory, accounts, and contract rights.

(Hospital's Resp. at 13.)  In the Oklahoma action, SNB counterclaimed, asserting that the promissory notes secured by those liens are due and unpaid.  (SNB Answer, Ex. 5 to Hospital's Resp., ECF No. 11-5.)  For its part, PCH denies that SNB has the lien it claims.  The Hospital relies on these allegations for the assertion that "the parties' rights are intrinsically interwoven, and SNB Bank has a significant interest in the outcome of this action."  (Hospital's Resp. at 13.)  Sure it does.  But the prospect of later litigation is not in itself sufficient to make SNB a necessary party.  *Florian*, 2002 WL 31844985, at *5.  If the Hospital loses its case against PCH (in whatever forum), its position *vis-à-vis* SNB Bank, its creditor, does not change.  If the Hospital wins its case and recovers damages from PCH, its financial condition and ability to pay back SNB improves.  If under this second hypothetical the Hospital refuses to pass along any of its litigation winnings to SNB, SNB could bring a discrete suit against the Hospital under the notes.  In short, SNB's absence does not impair the Court's ability to accord complete relief among PCH and the Hospital.  The Court cannot go beyond the materials at bar in ruling upon the Hospital's Motion to Dismiss, and on that record the Hospital has failed to meet its burden to show that SNB is a necessary party under Rule 19(a).

## B. Abstention

As set forth above, the Court has the subject matter jurisdiction necessary to entertain PCH's petition. But should it? The Hospital argues that the Court should abstain from doing so under the *Colorado River* doctrine. *See generally, Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). Under that doctrine, "a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir. 1992) (quoting *Colorado River,* 424 U.S. at 818). Although abstention is the overriding exception and not the rule, we have here exceptional circumstances that warrant it. *Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7,* 125 F.3d 546, 550 (7th Cir. 1997)).

The *Colorado River* abstention analysis involves two steps. First, the court must consider "whether the concurrent state and federal actions are actually parallel." *Clark,* 376 F.3d at 685 (quoting *LaDuke v. Burlington N. R.R. Co.,* 879 F.2d 1556, 1558 (7th Cir. 1989)). If the cases are parallel, the court next weighs several non-exclusive factors to determine whether

exceptional circumstances exist that warrant abstention. *Id.* (citing *LaDuke,* 879 F.2d at 1559).

The case at bar is parallel to the Oklahoma suit. The two cases need not be identical. *See, Interstate Material Corp. v. City of Chi.,* 847 F.2d 1285, 1288 (7th Cir. 1988). Two suits are considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark,* 376 F.3d at 686 (quoting *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d 1228, 1229 n.1 (7th Cir. 1979)). The addition of parties to a proceeding does not by itself destroy the parallel nature of state and federal proceedings. *See, Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir. 1990) (finding cases parallel where plaintiff named additional defendants in state action). Ultimately, the question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *Clark,* 376 F.3d at 686. That is certainly the case here. PCH argues against abstention by pointing out that (1) there are fewer parties here than in the state court matter and (2) this case involves a single count (a request for compelled arbitration) rather than the litany that appear in Oklahoma. These are contentions without merit. Case law does not reserve the "parallel proceedings" label for twin

actions that share identical parties. *Carr,* 903 F.2d at 1156. Second, the fact that PCH here distilled the case pending in Oklahoma to its current crucial question (to compel or not to compel?) does not transmogrify that action into something new. Certainly, there is a substantial likelihood that the Oklahoma litigation would resolve this issue if simply allowed to proceed. If the Oklahoma hearing took place on March 15th as planned, this issue might even be resolved already.

The cases are parallel, so on to the "exceptional circumstances" factors: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Clark,* 376 F.3d at 685 (citing *LaDuke,* 879 F.2d at 1559) (citation omitted).

These factors do PCH no favors. All are either inapplicable (such as the jurisdiction-over-property factor and

the availability of removal) or weigh, to varying degrees, toward abstention. This district is a relatively inconvenient forum. Though PCH's sole member and manger calls Chicago home (PCH's Reply at 6, ECF No. 12), the vast majority of the Hospital's employees, witnesses, and evidence are in Oklahoma, where it filed its case against PCH. (Hospital's Resp. at 6.) The third factor, concerning the courts' interest in avoiding piecemeal litigation, does not help PCH either. PCH is correct that federal law actually *requires* piecemeal resolution when necessary to give effect to an arbitration agreement, *Cone,* 460 U.S. at 20, but the agreement at issue here can be given effect by the Oklahoma court without this Court's intervention. As to the timing of jurisdiction set out in factor four: The Hospital initiated its Oklahoma suit four months before PCH filed the instant petition, so this factor weighs toward abstention. The governing law factor also weighs toward abstention, though somewhat less heavily. PCH emphasizes that this case concerns the Federal Arbitration Act, but the Oklahoma court has already uncovered material questions as to the formation of the at-issue arbitration agreement; these questions must be resolved by Oklahoma state law. *See, First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944 (1995) (finding that when deciding whether parties agreed to arbitrate a claim, courts generally should

apply state law regarding contract formation).  Both the adequacy of state-court action and the concurrent jurisdiction factors weigh toward abstention for the simple reason that state courts have concurrent jurisdiction to consider motions to compel arbitration on the merits.  *See, Nationstar Mortg. LLC v. Knox,* 351 F. App'x 844, 852 (5th Cir. 2009).  Next, the relative progress factor tips the scales further toward abstention.  The Oklahoma judge set a contract formation hearing for March 15, 2018.  Unless the judge later continued that date, that hearing has no doubt already occurred.  The final factor—whether the instant action is vexatious or contrived—points in the same direction.  The Court understands PCH believes it and the Hospital agreed to arbitrate their claims, and that the Hospital violated that agreement by filing suit in Oklahoma.  But the proceedings there, whether proper or not, are underway.  It seems that PCH simply did not like the way the wind was blowing in Oklahoma and thought it best to try its chances out here instead.  Entertaining that duplicative action here would undermine, rather than strengthen, judicial administration.  These qualify as "exceptional circumstances" under *Colorado River,* and the Court will abstain from sticking its nose into a neighboring court that is perfectly qualified to rule on matters already and properly before it.

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Hospital's Motion to Dismiss on *Colorado River* abstention grounds is granted. The case is dismissed and PCH's Petition is denied as moot.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 3/16/2018